**FILED**

FEB 1 3 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N F O R M A T I O N |
| | ) | |
| Plaintiff, | ) | **1 : 25  CR  00051** |
| | ) | |
| v. | ) | CASE NO. |
| | ) | Title 18, United States Code, |
| KARON DAVIS, | ) | Section 1343 |
| | ) | |
| Defendant. | ) | **JUDGE BARKER** |

<u>GENERAL ALLEGATIONS</u>

At all times relevant to this Information:

1.      United States Small Business Administration ("SBA") was an executive branch agency of the United States government.  The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and assist in the economic recovery of communities after disasters.  As part of this effort, the SBA enabled and provided for loans through banks and other lenders.  These loans had government backed guarantees.

2.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.  One source of relief under the CARES Act was authorization for the SBA to issue loans to small businesses and non-profit entities experiencing revenue loss due to the pandemic.

3.      One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").  To be eligible for a PPP loan, a business must have been in operation as of February 15, 2020.

4.      To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

5.      A PPP loan application was processed by a participating lender.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies.  While it was the participating lender that issued the PPP loan, the loan was guaranteed by the SBA.  Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6.      PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on

these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

<u>Relevant Entities and Financial Institutions</u>

7.     Defendant KARON DAVIS resided in Cleveland, Ohio, in the Northern District of Ohio, Eastern Division.

8.     Defendant incorporated Business 1 as a for-profit entity in Ohio with an effective date of July 16, 2020.  Defendant was the owner of Business 1.

9.     Bank 1 was a financial institution based in Charlottesville, Virginia and was an approved SBA lender of PPP loans.

10.    Bank 2 was a financial institution based in Cincinnati, Ohio.  Defendant controlled a bank account at Bank 2 in the name of Business 1 with an account number ending in x7443.

<u>COUNT 1</u>
(Wire Fraud, 18 U.S.C. § 1343)

The Acting United States Attorney charges:

11.    The factual allegations of paragraphs 1 through 10 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

<u>The Scheme to Defraud</u>

12.    From on or about February 8, 2021, through in or around December 2022, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KARON DAVIS, devised and intended to devise a scheme and artifice to defraud Bank 1 and to obtain money and property by means of false and fraudulent pretenses, representations and promises, to wit: obtaining PPP proceeds under false pretenses.

<u>Manner and Means of the Scheme</u>

13.     The manner and means by which Defendant carried out the scheme to defraud included, but were not limited to, the following:

a.     Defendant caused counterfeit documents to be created, which documents gave the appearance that Business 1 was a real business, in operation before the COVID-19 pandemic, and with substantial operations and payroll expenses, and thus eligible for a PPP loan.

b.     Defendant caused to be submitted through Bank 1's online portal a PPP loan application for Business 1, relying on materially false statements and counterfeit documents, which application induced the SBA and Bank 1 to approve Defendant's application and disperse PPP loan proceeds to Defendant's checking account at Bank 1 using interstate wire communications.

c.     Contrary to representations in his application and the PPP loan program requirements, Defendant spent the loan proceeds not on Business 1, but for the benefit of himself and others.

<u>Acts in Furtherance of the Scheme</u>

14.     The acts caused by Defendant in furtherance of the scheme, in the Northern District of Ohio, Eastern Division, and elsewhere, included, but were not limited to, the following:

15.     On or about February 18, 2021, Defendant caused a PPP application to be submitted to Bank 1 through its online application portal.  The PPP application falsely stated that Business 1 had ten employees and an average monthly payroll of $48,333.  Defendant's application also included two counterfeit documents to support the application: (i) a 2020 IRS Form 1040 Schedule C (Profit or Loss from Business) in Defendant's name that listed Business 1's gross sales as $580,000 and expenses as $480,000; and, (ii) a recent invoice from Business 1

4

to one of its purported clients requesting payment of $50,000 for landscaping services rendered. The figures in these supporting documents were, as Defendant then knew, false.

16.     Based on the fraudulent figures in the application and supporting documentation, Defendant caused the SBA and Bank 1 to approve the PPP application for $120,732.50.

17.     On or about February 22, 2021, Defendant executed a promissory note for the PPP loan.

18.     On or about February 23, 2021, Bank 1 wired $120,732.50 in PPP funds for Business 1 into Defendant's Bank 2 account ending in 7443.

19.     From on or about February 23, 2021, to in or around December 2022, Defendant used the PPP loan proceeds for the benefit of himself and others in a manner that was inconsistent with the PPP program requirements.

<u>Execution of the Scheme</u>

20.     On or about February 23, 2021, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant KARON DAVIS, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communications in interstate commerce writings, signs, signals, pictures, and sounds, to wit: a $120,732.50 wire transfer of PPP loan proceeds from Bank 1 to Defendant's Bank 2 account ending in x7443.

All in violation of Title 18, United States Code, Section 1343.

CAROL M. SKUTNIK
Acting United States Attorney

By: _____
Elliot Morrison
Chief, White Collar Crimes Unit